U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 1 8 2012

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DONALD BITTICK,                    §
                                   §
          Plaintiff,               §
                                   §
VS.                                §    NO. 4:11-CV-812-A
                                   §
JPMORGAN CHASE BANK, NA,           §
ET AL.,                            §
                                   §
          Defendants.              §

MEMORANDUM OPINION
and
ORDER

Now pending in the above-captioned action is the motion to dismiss for failure to state a claim, filed by defendant JPMorgan Chase Bank, N.A. ("Chase") on December 23, 2011.  Plaintiff, Donald Bittick, filed no response to the motion, and the issues are ripe for consideration.  After having considered such motion, the amended pleading filed by plaintiff, and applicable legal authorities, the court has concluded that the motion to dismiss should be granted.[1]

_____

[1]The court has subject matter jurisdiction over plaintiff's claims against JPMorgan Chase ("Chase") by reason of 28 U.S.C. §§ 1441 and 1331, because plaintiff's allegations concerning the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA") arise under the laws of the United States.  See 12 U.S.C. §§ 2605, 2609, 2610; 15 U.S.C. § 1601-1667f.  The court has supplemental jurisdiction over all other claims.  28 U.S.C. § 1367.

I.

## Background

Plaintiff instituted this action by a pleading in the District Court of Tarrant County, Texas, 415th Judicial District, on July 29, 2011, against defendants Home Loan Mortgage Corporation d/b/a Expanded Mortgage Credit and Imperial Mortgage Corporation ("Imperial"), as Cause No. CV-11-1145.  Plaintiff filed an amended petition on October 31, 2011, naming as defendants Imperial and JPMorgan Chase Bank, NA f/k/a Home Loan Corporation d/b/a Expanded Mortgage Credit.

Chase, as successor servicer to EMC Mortgage LLC f/k/a EMC Mortgage Corporation ("EMC"), removed the action to this court on November 16, 2011.  Chase filed its first motion to dismiss on November 23, 2011.  The court, by order of December 2, 2011, denied Chase's motion and further ordered plaintiff to file an amended complaint that complied with the requirements of Rule 8(a), Rule 10(a), and if applicable, Rule 9 of the Federal Rules of Civil Procedure.

Plaintiff filed an amended complaint ("Complaint") on December 12, 2011.  The Complaint appears to allege only two defendants, Chase and Imperial (collectively, "defendants").  Section I of the Complaint, titled "PARTIES," includes Chase and

Imperial but not EMC.[2]   Additionally, plaintiff names Chase and EMC as a single defendant in the caption of the Complaint.[3]

To date, only Chase has been served with citation in the state court.   Chase filed a motion to dismiss the Complaint for failure to state a claim on December 23, 2011.

In the Complaint, plaintiff alleges claims for predatory lending, common-law fraud, fraud in the inducement, fraud by nondisclosure, civil conspiracy to commit common-law fraud and fraud in the inducement, procedural and substantive unconscionability, and violations of the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"). Plaintiff sought judgment for economic, special, and exemplary damages, pre- and post-judgment interest, attorney's fees and costs, and declaratory relief.

---

[2]Imperial was allegedly "a loan broker approved by Defendant EMC's company."  Compl. at 3.

[3]Chase and EMC are referred to as "JPMorgan Chase Bank, NA, fka Home Loan Corporation d/b/a/ Expanded Mortgage Credit" in the styling of the Complaint.  The first sentence of the Complaint refers to Chase and EMC as "JPMorgan Chase Bank, NA ('Defendant Chase'), fka Home Loan Corp. d/b/a/ Expanded Mortgage Credit ('Defendant EMC')."  Compl. at 1. Defendant also alleges that "Chase assumed his loan from Defendant EMC and is now the present servicer."  Id. at 5.

In summary, plaintiff made the following allegations in the Complaint:

In 2004, plaintiff moved into the property at 202 Lake Hollow Drive, Weatherford, Texas, under a rental agreement. Compl. at 2.  Between the end of 2005 and early 2006, plaintiff began efforts to purchase the property, and consulted with a realtor recommended by the owner.  Id.  Plaintiff also consulted with the broker recommended by the realtor.  Id. at 2-3.  This first broker denied plaintiff's application and suggested that plaintiff use "Imperial, a broker who worked in conjunction with, and was approved by Defendant EMC."  Id. at 3.  The first broker "who gathered all of Plaintiff's initial paperwork for the loan application sent it to Defendant Imperial."  Id.  Plaintiff did not see any of the paperwork after it was released from the original broker into Imperial's possession.  Id.

Because plaintiff could not pay the amount to close the sale, he informed Imperial that he could not purchase the property.  Id.  An unidentified Imperial representative "offered to loan the Plaintiff approximately $1,000 toward the down-payment and subsequently roll that amount into the loan so that Defendants could eventually be paid back."  Id.

As to the loan application, plaintiff complains that Imperial did not verify plaintiff's stated income and did not

4

rely upon plaintiff's true income in determining his qualification for the approved loan. Id. at 3-4. "Imperial used Plaintiff's 'stated income' as it was provided to them by the original loan broker rather than obtaining and ascertaining an accurate income amount from Plaintiff" to ensure that he was qualified for the approved loan amount. Id. at 3. The loan application "reflects that Plaintiff made $5,000 per month through self employment income." Id. Plaintiff "maintains he represented the true income to Defendant Imperial, but this was unlikely the income on which the loan was based[,] as the loan amount and interest rates were not compatible with Plaintiff's income and repayment capabilities." Id. Furthermore, this "stated income figure was never verified by Defendant Imperial." Id. It is not clear whether plaintiff's "true income" is $5,000 or another figure.

Plaintiff also complains that federally mandated disclosures were not provided to him in advance of closing.[4] "[A]s best as

---

[4]Plaintiff alleges that "[t]hese disclosures included, but were not limited to:"

   a. Truth-in-Lending, under TILA and Regulation Z, 12 C.F.R. pt.226;
   b. Good Faith Estimate of Settlement Services, under 12 U.S.C. sec. 2604 (c), and Real Estate Settlement and Procedures Act ("RESPA"), 3500.7;
   c. Copy of brochure created by Federal Reserve Board, under 12 C.F.R. 226.5b(e);
   d. Consumer Specific Information about the programs offered by the creditor, under 12 C.F.R. 226.5b(b);
   e. HUD Booklet (a/k/a Special Information Booklet on Settlement Costs), under

(continued...)

Plaintiff recalls, he was never provided with any of the other required disclosures including but not limited to the Truth-In Lending Act (TILA), Real Estate Settlement Procedures Act (RESPA), etc either at or three (3) days after the initial loan application when he signed the Form 1003." _Id._ at 3-4. "It was not until the day of closing that Plaintiff received some of these disclosures"; by then, "it was too late to fully review the documentation and understand the implications of the loan." _Id._ at 4.

The loan became effective "[o]n or about June 21, 2006," when "Plaintiff signed the loan agreement with his wife, Wendy Bittick, who signed as a non-purchasing spouse." _Id._ As to the loan interest rate, plaintiff alleges that the interest rate on

---

(...continued)
   RESPA 3500.6;
   f. Notice of Right to Receive Appraisal, under Equal Credit Opportunity Act, Regulation 202.14(a);
   g. Required Provider Disclosures, under RESPA 3500.7(e);
   h. Affiliated Business Arrangements Disclosure, under RESPA 3500.15(b)(1);
   i. Servicing Disclosure Statement, under 12 U.S.C. sec 2605, RESPA 3500.21;
   J. Texas Mortgage Broker/Loan Officer Disclosure, under Texas Mortgage Broker
      License Act, Title 7, Chapter 80.9;
   k. Texas Important Notice to Home Loan Borrowers; and
   l. Texas HUD approved Counseling Agencies.

Compl. at 7.

the "loan was not based on the stated income amount that

Plaintiff provided to the initial loan broker."[5]  Id. at 4.

Between the end of 2009 and beginning of 2010, plaintiff

"got off track with payments and was forced to apply for a

temporary loan modification with Defendant in May 2010."  Id.

Instead "of accelerating Plaintiffs' note, Defendant EMC agreed

to a temporary loan modification in May 2010."  Id.  Under the

agreement, EMC "agreed to a temporary modification of a reduction

of the interest to only 5.5%," and that "the difference between

the previous rate and the current temporary rate [would] be

tacked onto the back of the note."  Id. at 4.

At present, plaintiff remains "under the temporary loan

modification, but will inevitably be subjected . . . to the

initial, unfair interest rates once the temporary" period ends.

Id.  Plaintiff did not learn of "many of the actions taken by

Defendants [sic] Imperial and by approval, Defendant EMC," until

he consulted with an attorney.[6]  Id. at 4.  He eventually

---

[5]Plaintiff stated: "In accordance with the stated income and the amount of the loan, Plaintiffs' [sic] loan closed at an interest rate of 11.5%, an amount that Plaintiff indefinitely would be unable to tender.  As such, Plaintiff believes the loan was not based on the stated income amount that Plaintiff provided to the initial loan broker."  Compl. at 4.

[6]It is not clear exactly when plaintiff first learned of these allegedly improper actions. Plaintiff states that as he "grew suspicious of the arrangement, he began consulting with various attorneys only to realize that many of the actions taken by Defendants [sic] Imperial and by approval, Defendant EMC, were typical of the mortgage industry from approximately 2001-2008,
(continued...)

realized that "many things that transpired in his loan

transaction were hallmarks of predatory lending practices." <u>Id.</u>

Defendant has not been making payments, because he "is hesitant

and uncertain about continuing to pay the loan under its current

terms." <u>Id.</u> at 5.   Instead, he "is escrowing the necessary

funds." <u>Id.</u>

    After plaintiff filed the Complaint, Chase filed a motion to

dismiss the Complaint.   Plaintiff did not file a response.   The

court now turns to the applicable standard for pleading, and

applies the standard to the Complaint.

II.

<u>Analysis</u>

A.   <u>The Rule 8(a)(2) Pleading Standards</u>

    Rule 8(a)(2) of the Federal Rules of Civil Procedure

provides, in a general way, the applicable standard of pleading.

It requires that a complaint contain "a short and plain statement

of the claim showing that the pleader is entitled to relief,"

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair

notice of what the claim is and the grounds upon which it rests,"

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal

quotation marks and ellipsis omitted).   Although a complaint need

---

    [6](...continued)
which has led to the current economic crisis." Compl. at 4.

not contain detailed factual allegations, the "showing"

contemplated by Rule 8 requires the plaintiff to do more than

simply allege legal conclusions or recite the elements of a cause

of action.  See Twombly, 550 U.S. at 555 & n.3.  Thus, while a

court must accept all of the factual allegations in the complaint

as true, it need not credit bare legal conclusions that are

unsupported by any factual underpinnings.  See Ashcroft v. Iqbal,

556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ("While legal

conclusions can provide the framework of a complaint, they must

be supported by factual allegations.").

     Moreover, to survive a motion to dismiss for failure to

state a claim, the facts pleaded must allow the court to infer

that the plaintiff's right to relief is plausible.  Iqbal, 129 S.

Ct. at 1950.  To allege a plausible right to relief, the facts

pleaded must suggest liability; allegations that are merely

consistent with unlawful conduct are insufficient.  Twombly, 550

U.S. at 566-69.  "Determining whether a complaint states a

plausible claim for relief . . . [is] a context-specific task

that requires the reviewing court to draw on its judicial

experience and common sense."  Iqbal, 129 S. Ct. at 1950.

     "A statute of limitations may support dismissal under Rule

12(b)(6) where it is evident from the plaintiff's pleadings that

the action is barred and the pleadings fail to raise some basis

for tolling or the like." <u>Jones v. Alcoa, Inc.</u>, 339 F.3d 359,
366 (5th cir. 2003).  If the allegations show that relief is
barred by the applicable statute of limitations, the complaint is
subject to dismissal for failure to state a claim. <u>Jones v.
Bock</u>, 549 U.S. 199, 215 (2007).

B.   <u>Claims Against Imperial</u>

    The court may dismiss an action <u>sua sponte</u> where it is
apparent from the pleadings that plaintiff has failed to state a
claim for relief.  Federal courts possess the inherent power "to
manage their own affairs so as to achieve the orderly and
expeditious disposition of cases." <u>Link v. Wabash R.R. Co.</u>, 370
U.S. 626, 630-31 (1962).  Within this power is the authority to
control their dockets, prevent undue delays in the disposition of
pending cases, and avoid congested court calendars.  <u>Id.</u> at
629-32. The power also permits courts to <u>sua sponte</u> consider the
sufficiency of a complaint and dismiss an action for failure to
state a claim. <u>Lozano v. Ocwen Fed. Bank, FSB</u>, 489 F.3d 636, 642
(5th Cir. 2007).  Having reviewed allegations in the Complaint,
the court is satisfied that plaintiff has failed to allege any
causes of action against Imperial entitling him to any relief.
Accordingly, these claims may be dismissed <u>sua sponte</u> pursuant to
the court's inherent authority to manage its docket.

Additionally, over 120 days have passed since the filing of the Complaint, but there is no record in the file of the above-captioned action of proper service of summons and complaint upon Imperial. Rule 4(m) of the Federal Rules of Civil Procedure provides that if a plaintiff fails to properly serve a defendant within the prescribed time period, the court must dismiss the action or order that service be made within a specified time. Fed. R. Civ. Pro. 4(m); see also Lindsey v. U.S. R.R. Retirement Board, 101 F.3d 444, 446 (5th Cir. 1996) (noting that a plaintiff's failure to properly serve under Rule 4(m) subjects action to sua sponte dismissal).

C.   Applying the Standards to the Complaint

The Complaint fails to meet the standard set forth in Rule 8(a)(2), as interpreted by the Supreme Court in Twombly and Iqbal. The court is satisfied that plaintiff's allegations against defendants are nothing more than conclusory assertions. The Complaint does not contain factual allegations to support the elements of any of plaintiff's alleged claims and is, therefore, insufficient.

The court considers plaintiff's theories of recovery in the following order: first, the predatory lending claim; next, the common-law fraud claim; next, the fraudulent inducement claim; next, the fraud by nondisclosure claim; next, the claim for

violations of TILA; next, the claim for violation of RESPA; next,
the civil conspiracy claim; next, the unconscionability claim;
and finally, the request for rescission and declaratory relief.

1.   Predatory Lending Claim

The main thrust of plaintiff's predatory lending claim is
that "[d]efendants engaged in predatory lending practices by,
among other things, failing to make necessary disclosures to
Plaintiff regarding their loan." Compl. at 7.  Specifically,
plaintiff alleges that defendants failed to provide certain
disclosures allegedly required by TILA and RESPA three days after
some initial meeting or submission of his loan application.  Id.
at 3, 7.  Plaintiff, however, then alleges that he did receive
disclosures at the loan's closing.  Id. at 3, 7, 9. Plaintiff
alleges that he "received some of these disclosures," without
specifying which disclosures he received and which he did not.
Id.

Plaintiff has not cited any state or applicable federal law,
precedential or statutory, that creates a cause of action for
"predatory lending." See, e.g., Brown v. Aurora Loan Servs.,
LLC, No. 4:11-CV-111, 2011 WL 2783992, at *4 (E.D. Tex. June 7,
2011), report and recommendation adopted at 2011 WL 2728384.
Plaintiff even acknowledges that "predatory lending is not a
recognized cause of action at this time." Compl. at 6.

Plaintiff argues that "predatory lending should be a recognized cause of action and this, a case of first impression subject to review by the Texas Supreme Court, is necessary, in order to lay the groundwork for future predatory lending claims." Id. The court is not persuaded by plaintiff's argument, as the court has found no case law in support of a cause of action for predatory lending.  The court is not inclined to create a cause of action not previously recognized in Texas or federal law.

Moreover, plaintiff's conclusory allegations fail to allege sufficient facts to support his claim for "predatory lending." Plaintiff has not even stated what disclosures were not allegedly provided to him.  Id. at 7.  Accordingly, plaintiff's predatory lending claim must be dismissed.

2.   Common-Law Fraud Claim

Plaintiff has not stated a claim for common-law fraud.  To state a claim for fraud, plaintiff must show: (1) the defendant made a false material representation; (2) knowingly or recklessly; (3) that was intended to induce plaintiff to act upon the representation; and (4) plaintiff actually and justifiably relied upon the representation and suffered injury.  Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001).

Additionally, plaintiff's fraud claim is governed by the pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure.  See Lone Star Fund V (U.S.), LP v. Barclays Bank PLC, 594 F.3d 383, 387 n.3 (5th Cir. 2010) ("[T]his court has applied the heightened pleading requirements [of Rule 9(b)] when the parties have not urged a separate focus on the negligent misrepresentation claims such as when fraud and negligent misrepresentation claims are based on the same set of alleged facts." (internal quotation marks omitted)).  Rule 9(b) of the Federal Rules of Civil Procedure requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  Herrmann Holdings Ltd. v. Lucent Techs. Inc., 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotation marks and citations omitted).  To satisfy this requirement, a plaintiff must allege "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby."  Tuchman v. DCS Commc'ns Corp., 14 F.3d 1061, 1068 (5th Cir. 1994) (internal quotation marks omitted).

Plaintiff's allegations of fraud fail to satisfy Rule 9(b)'s heightened pleading requirements.  The court cannot pinpoint a

14

single instance where he alleged all of the requisite elements

for fraud: the content of the false representation, the identity

of the speaker, the benefit obtained by that speaker, and the

date the representation was made.  In fact, the majority of the

allegations concerning plaintiff's communications with defendants

are not accompanied by any specific date.  Incomplete

identifications of the speaker and vague references to the date

are simply not sufficient to give defendants fair notice of when

the allegations took place.

Moreover, plaintiff does not satisfactorily explain what was

supposedly fraudulent about each alleged statement or what would

support a conclusion that he justifiably relied on any of the

statements mentioned in the Complaint.  Lewis v. Bank of Am.

N.A., 343 F.3d 540, 546 (5th Cir. 2003) (requiring claimant to

show that reliance on the alleged misrepresentation was

justifiable).  The allegations in the Complaint fail to satisfy

the Rule 9(b) heightened pleading requirements for fraud.

Plaintiff is not entitled to any relief, and his common-law fraud

claim must therefore be dismissed.[7]

---

[7]Chase argues that plaintiff's common-law fraud claim was barred by the four-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.004(a)(4). Chase further argues that the discovery rule and the doctrine of fraudulent concealment do not save plaintiff's claims. The court need not address this argument in order to dispose of this claim.

### 3. Fraudulent Inducement Claim

The court now turns to the fraudulent inducement claim. For the same reasons discussed previously in the common-law fraud claim, plaintiff has not stated a claim for fraudulent inducement.

Rule 9's heightened pleading standard governs the fraudulent inducement claim, and plaintiff has failed to comply with these requirements. In evaluating the allegations of fraudulent inducement, the court cannot determine the content of the false representation allegedly made by defendants, the identity of the speaker or the benefit obtained by that speaker. Instead, plaintiff's allegations mix specific references to a particular defendant with generic references to "Defendants" and ambiguous references to an unidentified "Defendant." Compl. at 18-20. Accordingly, the fraudulent inducement claim does not contain the requisite elements under Rule 9 and should be dismissed.[8]

### 4. Fraud by Nondisclosure Claim

The court now turns to the claim for fraud by nondisclosure.[9] Claims of fraud by nondisclosure are likewise

---

[8]For the same reasons that plaintiff's claim for fraudulent inducement fails, its "defense" of fraudulent inducement also fails. And again, the court does not consider defendant's argument concerning the statute of limitations in disposing of plaintiff's fraudulent inducement claim.

[9]To state a claim for fraud by nondisclosure, plaintiff must show: "(1) the defendant failed
(continued...)

subject to Rule 9's heightened pleading standard.  In re Enron Corp. Sec., Derivative & "ERISA" Litig., 490 F. Supp. 2d 784, 794 (S.D. Tex. 2007).  The Complaint does not comply with the requirements of Rule 9; it does not allege with sufficient specificity "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what" benefit that person obtained. Tuchman, 14 F.3d at 1068.

Additionally, plaintiff's allegations that defendants "failed to provide the statutorily required disclosures" lack all of the necessary elements for fraud by nondisclosure.  Compl. at 13.  There are no factual allegations as to what duty of disclosure defendants owed to plaintiff or what disclosures they failed to provide to him.  Plaintiff therefore has not stated a claim for fraud by nondisclosure.  This claim, too, must be dismissed.

---

[9](...continued)
to disclose facts to the plaintiff, (2) the defendant had a duty to disclose those facts, (3) the facts were material, (4) the defendant knew the plaintiff was ignorant of the facts and the plaintiff did not have an equal opportunity to discover the facts, (5) the defendant was deliberately silent when it had a duty to speak, (6) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting, (7) the plaintiff relied on the defendant's nondisclosure, and (8) the plaintiff was injured as a result of acting without that knowledge." Horizon Shipbuilding, Inc. v. Blyn II Holding, LLC, 324 S.W.2d 840, 850 (Tex. App.--Houston [14th Dist.] 2010, no pet.).

5. The TILA Claim

Plaintiff next alleges a claim for violations of TILA.   In his TILA claim, plaintiff complains he did not receive some of the required disclosures prior to closing.   Plaintiff alleges that defendants violated "TILA and Regulation Z, 12 C.F.R. pt. 226"; failed to provide a copy "of brochure created by Federal Reserve Board, under 12 C.F.R. 226.5b(e)"; and failed to provide "Consumer Specific Information about the programs offered by the creditor, under 12 C.F.R. 226.51(b)."   Compl. at 7.

Plaintiff also states that he did receive some of the disclosures at closing.   Id. at 4 ("It was not until the day of closing that Plaintiff received some of these disclosures . . . ."); id. at 9.   Problematically, however, plaintiff does not specify which disclosures he ultimately received and which ones he did not receive.

The court concludes that plaintiff has failed to allege sufficient facts to show that he is plausibly entitled to relief. The Complaint lacks any allegations to show there has been a violation of an applicable provision of TILA.   A general reference to "12 C.F.R. part 226" is simply insufficient to give Chase fair notice of the claims asserted against it.   The only specific sections of the federal regulations cited are to a section that is not applicable to plaintiff's loan.   Id. at 7.

The provisions of 12 C.F.R. 226.5b, Regulation Z, only "apply to open-end credit plans secured by the consumer's home," such as "home equity plans." 12 C.F.R. § 226.5b. Plaintiff alleges that the loan at issue is a purchase-money loan; however, there is no allegation to show that the loan being disputed is a home equity plan. Thus, plaintiff has not alleged any facts to show that the provisions of section 226.5b are applicable to his loan.

Further, plaintiff does not distinguish between Chase and Imperial when making his TILA allegations. It is not possible for the court to discern from the Complaint which allegations are directed at which defendant.

The court concludes that the Complaint does not allege sufficient facts to show that defendants have committed a violation of the TILA. Plaintiff's TILA claim must therefore be dismissed.[10]

6. The RESPA Claim

Plaintiff attempts to present a RESPA claim, although such a claim is not labeled as a cause of action or included as a separate count. Compl. at 7. To the extent that plaintiff does present a RESPA claim, the court concludes that plaintiff's

---

[10]Chase argues that plaintiff's TILA claim was untimely, as this claim was subject to either a one-year or a three-year statute of limitations that runs from the date of the occurrence of the violation. Compl. at 3-4; 15 U.S.C. § 1640(e). The court does not address this argument in its decision to dismiss plaintiff's TILA claim.

allegations are merely conclusory and therefore do not entitle him to any relief. Additionally, plaintiff has failed to allege sufficient facts to show that he is plausibly entitled to relief. Plaintiff does not state what disclosures were not allegedly provided under RESPA, nor does he clearly distinguish between defendants in his RESPA allegations. It is therefore not apparent to the court which allegations are directed against a particular defendant. Accordingly, plaintiff's RESPA claim is being dismissed.[11]

7.   Civil Conspiracy Claim

The court now turns to the civil conspiracy claim. For a civil conspiracy claim, plaintiff must show: (1) a combination of two or more persons who had (2) the specific intent to accomplish an unlawful purpose or a lawful purpose by unlawful means; (3) a meeting of the minds on the object or the course of the action; (4) one or more unlawful, overt acts; and (5) actual damages as a proximate result of the conspiracy. ERI Consulting Eng'rs, Inc. v. Swinnea, 318 S.W.3d 867, 881 (Tex. 2010). Here, plaintiff has not alleged sufficient facts to show that either defendant had a

---

[11]Chase argues that regardless of which RESPA provision was allegedly violated, any RESPA claim is barred by either a one-year or a three-year statute of limitations that runs from the date of the occurrence of the violation. Compl. at 3-4; 12 U.S.C. § 2614. Further, Chase argues, plaintiff's claim is not subject to equitable tolling. The court need not address this argument in order to dismiss plaintiff's RESPA claim.

specific intent to accomplish an unlawful purpose or a lawful purpose by unlawful means, much less the existence of one or more unlawful, overt acts. Because plaintiff cannot show that an underlying "intentional tort" was committed, plaintiff has not alleged a claim for conspiracy. Firestone Steel Products Co. v. Barajas, 927 S.W.2d 608, 617 (Tex. 1996). Accordingly, the court is dismissing the civil conspiracy claim.[12]

 8. Unconscionability Claim

Plaintiff next alleges an unconscionability claim, which he asserts in the form of a defense. Plaintiff alleges that the underlying mortgage loan should not be enforced because it is unconscionable. A party asserting unconscionability in Texas has the burden to prove both procedural and substantive unconscionability. Ski River Dev., Inc. v. McCalla, 167 S.W.3d 121, 136 (Tex. App.--Waco 2005, pet. denied).[13] The grounds for

---

[12]Chase argues that plaintiff's civil conspiracy claim is barred by the two-year statute of limitations. Compl. at 3-4; Doe v. St. Stephen's Episcopal Sch., 382 Fed. App'x 386, 390 n.3 (5th Cir. 2010). Chase also argues in its motion to dismiss that it is entitled to summary judgment on this claim. The court does not address this argument or the statute of limitations argument in disposing of plaintiff's civil conspiracy claim.

[13]Procedural unconscionability concerns "the contract formation process and the alleged lack of meaningful choice." BDO Seidman, LLP v. J.A. Green Dev. Corp., 327 S.W.3d 852, 858-59 (Tex. App.--Dallas 2010, no pet.). Substantive unconscionability concerns the fairness of the contract or the contractual provisions themselves. In re H.E. Butt Grocery Co., 17 S.W.3d 360, 671 (Tex. App.--Houston [14th Dist.] 2000, no pet.).

procedural and substantive abuse "must be sufficiently shocking or gross to compel the court to intercede." Id.

Here, the Complaint fails to state which contract or agreement is allegedly unconscionable. Instead, the Complaint vaguely alludes to a "contract between Plaintiff and Defendants." Compl. at 17. Plaintiff identifies no specific contract to which he, Chase, and Imperial are parties. Plaintiff further fails to identify any specific contractual provisions as unconscionable. Rather, he merely provides conclusory statements about the "relative unfairness of the obligations" and "oppressive contract terms" that fail to adequately identify to the court which provisions are at issue. Id. at 18.

The unconscionability claim is not supported by sufficient factual allegations and is therefore being dismissed.

9.   Rescission

To the extent that plaintiff claims he is entitled to the equitable remedy of rescission, he has failed to plead facts sufficient to show that he is entitled to such relief. For rescission, plaintiff must show: (1) he and the defrauding party are in the status quo (i.e., he is not retaining benefits received under the instrument without restoration to the other party) or (2) equitable considerations obviate the need for the status quo relationship. See Gentry v. Squires Constr., Inc.,

22

188 S.W.3d 396, 410 (Tex. App.--Dallas 2006, no pet.). Plaintiff has not alleged that he is either able or willing to return the money loaned for him to purchase the subject property. Thus, plaintiff alleges no facts to show that he is entitled to rescission.

     10. <u>Request for Declaratory Relief</u>

Plaintiff requests a declaratory judgment from the court ordering that "the current loan . . . be rescinded in full and that Defendants . . . disgorge all payments received. In the alternative, the loan should be modified out of equity." Compl. at 20. Because all of plaintiff's claims are being dismissed, however, plaintiff's request for declaratory relief is being denied.

III.

<u>Conclusion and Order</u>

The court therefore concludes that plaintiff has not alleged any facts that would allow the court to draw the reasonable inference that plaintiff is entitled to any relief, or that either defendant is liable to plaintiff under any of the theories of liability alleged in the Complaint. As a result, plaintiff's Complaint fails to state a plausible claim to relief and should be dismissed.

23

For the reasons given above,

The court ORDERS that all claims asserted by plaintiff against defendants be, and are hereby, dismissed with prejudice.

SIGNED April 18, 2012.

                  JOHN McBRYDE
                  United States District Judge